UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| VARNUM LLP, | Case No. |
| Plaintiff, | HONORABLE |
| v. | MAGISTRATE |
| UNITED STATES DEPARTMENT OF LABOR, | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| Defendant. | |

VARNUM LLP
Counsel for Plaintiff
Perrin Rynders (P38221)
Aaron M. Phelps (P64790)
Seth Arthur (P82033)
Bridgewater Place, P.O. Box 352
Grand Rapids, MI 49501-0352
(616) 336-6000
prynders@varnumlaw.com
amphelps@varnumlaw.com
sbarthur@varnumlaw.com

NOW COMES Plaintiff, Varnum, LLP ("Varnum"), by and through its counsel, and hereby states as its Complaint against Defendant the United States Department of Labor ("DOL") as follows:

## NATURE OF ACTION

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, as well as agency FOIA regulations, challenging the failure of the DOL to fulfill the request of Varnum for documents relating to settlement and resolution of a former dispute between Blue Cross Blue Shield of Michigan ("BCBSM") and the DOL. The DOL denied Varnum's FOIA request, claiming Exemption 4 to FOIA applied to withhold documents containing confidential commercial information. Subsequently, Varnum filed a Freedom of

1

Information Act Appeal ("FOIA Appeal") with the Solicitor of Labor, appealing the FOIA request denial. Pursuant to 5 U.S.C. § 552(a)(6)(A)(ii), the DOL had 20 business days to review and provide a decision on Varnum's FOIA Appeal. However, months after the 20 business day time limitation expired, Varnum still has not received a determination on its FOIA Appeal.

2. This case seeks declaratory relief that the DOL is in violation of the FOIA, under 5 U.S.C. § 552(a)(3)(A), that documents Varnum requested in its FOIA request are not subject to Exemption 4 of the FOIA, and that Varnum is entitled to the documents it requested in its FOIA request. Also, this case seeks injunctive relief that the DOL immediately produce any and all records that have been withheld from Varnum and that are responsive to Varnum's FOIA request.

## PARTIES JURISDICTION AND VENUE

3. Varnum is a Michigan limited liability partnership, which provides legal services, with its principal place of business in Grand Rapids, Michigan.

4. The DOL is a department within the executive branch of the United States government, headquartered in Washington, D.C.

5. This action arises under a federal statute, the FOIA. Specifically, this Court has subject matter jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) and 5 U.S.C. § 552(a)(6)(C)(i) because the DOL did not comply with the 20 business day time limitation for reviewing FOIA appeals, and thereby Varnum constructively exhausted all administrative remedies under FOIA.

6. Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) because Varnum, as the complainant, resides in the Western District of Michigan.

## GENERAL ALLEGATIONS

7. Varnum hereby incorporates by reference the allegations contained in the preceding paragraphs.

### A.   VARNUM SENDS A FOIA REQUEST TO THE EBSA AND THE DOL'S CHICAGO REGIONAL SOLICITOR'S OFFICE

8.   On February 8, 2018, Varnum sent a FOIA request to the DOL's Employee Benefits Security Administration ("EBSA") and the DOL's Chicago Regional Solicitor's Office ("DOL Regional Office").  See attached **Exhibit 1**.

9.   The FOIA request sought "a copy of any and all actual settlement agreement, consent order, or similar settlement document of claims/enforcement related to Blue Cross Blue Shield Michigan (BCBSM) in the past five years, evidencing resolution of the investigation/dispute.  This request is directed to the matter involving BCBSM that was under investigation by Craig Faulkner. This includes agreements between BCBSM and other parties or the Department of Labor. Furthermore, we would like to receive a copy of, if it exists, any list of companies that BCBSM was suggested to communicate or settle with to resolve this matter." See *id.*

### B.   THE EBSA AND CHICAGO REGIONAL SOLICITOR'S OFFICE DENY THE FOIA REQUEST

10.   On March 7, 2018, the EBSA responded to Varnum's FOIA request.  See attached **Exhibit 2**.

11.   The EBSA withheld "one thousand five hundred and eighty (1,580) pages, in whole, pursuant to Exemption 4 which permits the withholding of trade secrets and commercial or financial information" (emphasis in original).  See *id.*

12.   The EBSA specifically withheld documents "identifying BCBSM clients."  See *id.*

13.   On March 13, 2018, the DOL Regional Office responded to Varnum's FOIA request. See attached **Exhibit 3**.

14. The DOL Regional Office withheld 609 pages of responsive documents, claiming they were "exempt from disclosure because they contain '...commercial or financial information obtained from a person and privileged or confidential.'" See *id.*

15. The DOL Regional Office also attached an Exemption Chart, showing that the withheld documents were BCBSM Monthly Reports that were required to be sent to the DOL pursuant to a settlement agreement.

### C. VARNUM APPEALS THE FOIA DENIAL TO THE DOL'S SOLICITOR OF LABOR AND THE DOL DOES NOT REPLY WITHIN 20 BUSINESS DAYS

16. On April 30, 2018, Varnum sent a FOIA Appeal, appealing both FOIA request denials, to the DOL's Solicitor of Labor, pursuant to 5 U.S.C. § 552(a)(6)(A)(ii) and 29 C.F.R § 70.22. See attached **Exhibit 4**.

17. The DOL's Solicitor of Labor received Varnum's FOIA Appeal via certified mail on May 7, 2018 at 7:27 a.m.  See attached **Exhibit 5**.

18. Pursuant to 5 U.S.C. § 552(a)(6)(A)(ii) and 29 C.F.R § 70.25(a), the DOL's Solicitor of Labor had 20 business days to process and respond to Varnum's FOIA Appeal. Therefore, Varnum should have received a determination on the FOIA Appeal, by June 4, 2018.

19. Due to the DOL's violation of 5 U.S.C. § 552(a)(6)(A)(ii) and 29 C.F.R § 70.25(a), Varnum constructively exhausted all administrative remedies.

20. However, months after June 4, 2018, Varnum had still not received a response from the DOL's Solicitor of Labor.  Varnum contacted the DOL and spoke with Mr. Ray Mitten Jr., the DOL's counsel for FOIA Appeals.

21. Mr. Mitten informed Varnum that it had received Varnum's FOIA Appeal, but due to 400 pending appeals, the DOL would not be able to meet the 20 business day time limit.

Mr. Mitten also indicated that Varnum's appeal number was 180143 and that the DOL would send Varnum a mailed acknowledgment.

22. In September, Varnum again contacted the DOL, inquiring about Varnum's FOIA Appeal. Mr. Mitten informed Varnum it would be several months before any decision was made. Despite never receiving any mailed acknowledgement from the DOL, Mr. Mitten provided Varnum the mailed acknowledgement on September 20, 2018, which was originally dated June 25, 2018.

23. Had Varnum received the mailed acknowledgement when it was sent by the DOL, it would have still exceeded the 20 business day requirement, which ended June 4, 2018. See attached **Exhibit 6**.

## COUNT I
## VIOLATION OF THE FOIA:
### (Unlawful Withholding of Agency Records)

24. Varnum hereby incorporates by reference the allegations contained in the preceding paragraphs.

25. As described above, the DOL has failed to comply with statutory deadlines and failed to make responsive documents available to Varnum.

26. Varnum's FOIA request reasonably described the records at issue and adhered to all applicable rules and regulations.

27. The records requested by Varnum are within the DOL's control.

28. The requested documents do not fall within Exemption 4 of the FOIA, as suggested by the DOL.

29. The DOL has withheld and continues to improperly withhold responsive agency records from Varnum in violation of the FOIA, 5 U.S.C. §552(a)(3)(A). Varnum will suffer

irreparable injury from, and have no adequate legal remedy for, the DOL's illegal withholding of agency documents.

30. Varnum has constructively exhausted the applicable administrative remedies. 5 U.S.C. §552(a)(6)(C)(i).

31. Varnum is entitled to injunctive relief compelling the DOL to produce the requested agency records, pursuant to 5 U.S.C. §552(a)(4)(B).

## **PRAYER FOR RELIEF**

Varnum respectfully requests that this Court enter judgment in its favor and against the DOL as follows:

A. Declaring that the DOL is in violation of the FOIA, under 5 U.S.C. §552(a)(3)(A), that documents Varnum requested in its FOIA request are not subject to Exemption 4 of the FOIA, and that Varnum is entitled to the documents it requested in its FOIA request.

B. Ordering the DOL to immediately produce any and all records that have been withheld from Varnum and that are responsive to Varnum's FOIA request.

C. Awarding reasonable attorneys' fees and other costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

D. Awarding all other relief to which Varnum may be entitled.

                                                    Respectfully submitted,

                                                    VARNUM LLP
                                                    *Counsel for Plaintiff*

Dated: October 9, 2018              By:       */s/ Aaron M. Phelps*
                                                    Perrin Rynders (P38221)
                                                    Aaron M. Phelps (P64790)
                                                    Seth Arthur (P82033)
                                      Business Address, Telephone, and E-Mail:
                                                    P.O. Box 352
                                                    Grand Rapids, MI 49501-0352
                                                    (616) 336-6000
                                                    prynders@varnumlaw.com
                                                    amphelps@varnumlaw.com
                                                    sbarthur@varnumlaw.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 9, 2018, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to counsel of record.

By:     */s/ Aaron M. Phelps*
Perrin Rynders (P38221)
Aaron M. Phelps (P64790)
Seth Arthur (P82033)
Business Address, Telephone, and E-Mail:
P.O. Box 352
Grand Rapids, MI 49501-0352
prynders@varnumlaw.com
amphelps@varnumlaw.com
sbarthur@varnumlaw.com

14011894_1.docx